**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　　**Case No: 6:24-cr-91-WWB-UAM**

**DIANDRE T. MENTOR,**

      **Defendant.**

## ORDER TO SHOW CAUSE

On January 23, 2025, the Court noticed a January 30, 2025 hearing for the arraignment of Defendant Diandre T. Mentor and two of his co-defendants. Docs. 270; 271; 272. In the notice as to Defendant Mentor, the Court stated as follows:

> Take notice that an Arraignment is scheduled for January 30, 2025 at 11:00 A.M. This hearing will be held before the Honorable Daniel C. Irick in Courtroom No. 5C, Fifth Floor, U.S. Courthouse, 401 W. Central Boulevard, Orlando, Florida. If the Defendant wishes to waive his/her presence at arraignment and enter a written plea of not guilty, he/she and his/her attorney must sign the attached form and file it with the Clerk of Court no later than 12:00 PM (noon) on January 28, 2025. If the written waiver is timely filed, the Defendant and his/her attorney need not appear at the arraignment. If the written waiver is not timely filed, the Defendant and his/her attorney must appear at the arraignment at the scheduled date and time.

Doc. 272.

On January 30, 2025, the Court held the hearing. Doc. 275. One of the co-defendants and his counsel appeared at the hearing and the Court arraigned that co-defendant. Another co-defendant properly filed the waiver, which the Court accepted. But as to Defendant Mentor, he neither filed the waiver nor appeared at the hearing. Accordingly, the Court issued a bench warrant for the arrest of Defendant Mentor, who is currently on pretrial release. Doc. 277.

Further, Defendant Mentor's lawyer, Harold Deon Thompson, did not appear at the hearing. Instead, hours later when the Court was conducting criminal hearings on its afternoon duty docket, Attorney Thompson approached the bench and attempted to hand the undersigned's courtroom deputy a waiver of Defendant Mentor's presence at arraignment. The undersigned, who was still on the bench, intervened and stated that it was too late for that, that the warrant had been issued, and that Defendant Mentor must surrender to the United States Marshals Service for execution of the warrant. Attorney Thompson then stated he would file an emergency motion. The undersigned stated that Attorney Thompson could file whatever motions he would like, but the warrant is issued and must be executed.

At 11:14 pm on January 30, 2025, Attorney Thompson filed an "Emergency Motion to Recall Bench Warrant." Doc. 278. In the motion, without explaining what the error was, Attorney Thompson requested that the Court "not penalize Mr. Mentor for counsel's egregious error and recall the bench warrant." *Id*. The government objected to the motion. *Id*. The motion was referred to the undersigned for consideration, and, at 9:15 am on January 31, 2025, the undersigned denied the motion, adding that, "[t]he Defendant is directed to immediately surrender to the United States Marshals Service." Doc. 279. As of the entry of this Order, the Court has received no information that Defendant Mentor surrendered as directed.

Further, it has come to the attention of the undersigned that this is not the first, second, or even the third time that Attorney Thompson has failed to appear at a duly noticed hearing before a judge in the Middle District. Attorney Thompson was the subject of two orders to show cause after he failed to appear at two hearings before Judge Berger. 6:22-cr-116-WWB-EJK, Docs. 37; 59. And Judge Presnell entered an order to show cause against Attorney Thompson for failing to appear at a status conference. 6:18-cr-180-GAP-DCI, Doc. 43. In addition, judges of the Middle

2

District have entered orders to show cause against Attorney Thompson in other criminal and civil cases, judges of the Middle District have denied motions by Attorney Thompson for failure to comply with the Court's Local Rules, a judge of the Middle District has disqualified Attorney Thompson as counsel due to a conflict of interest, and Attorney Thompson failed to respond timely to a motion for attorney fees.  *See, e.g.*, 5:20-cv-3, Doc. 81; 6:22-cr-116, Doc. 104; 6:17-cr-70, Doc. 94; 8:22-cv-1417, Doc. 71.

Attorney Thompson's conduct in this case alone is sanctionable.  But given his litigation history in the Middle District, the undersigned finds it necessary to enter this Order to Show Cause.  **On or before February 14, 2025, Attorney Thompson shall show cause in writing** why he should not be sanctioned or referred to the grievance committee of the Orlando Division of the Middle District of Florida for consideration as to whether he should be subject to sanctions; sanctions under consideration include, but are not limited to, admonishment, a monetary fine, and suspension or removal from the bar of the Middle District.

**ORDERED** in Orlando, Florida on January 31, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant