UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,         CASE NUMBER: 6:24-CR-91-WWB-UAM

v.

DIANDRE T MENTOR,

          Defendant.
_____/

**MOTION FOR RELEASE FROM CUSTODY**

**COMES NOW** the Defendant, Diandre T. Mentor, by and through his undersigned counsel of record, Harold D. Thompson, Esq., pursuant to Federal Rule of Criminal Procedure 46(a), 47 and 18 U.S.C. §§ 3142 and 3144 and hereby files this Motion for Release from Custody, hereby asserting as follows:

**STATEMENT FOR BASIS FOR REQUEST**

1. On January 23, 2025, the Court noticed a January 30, 2025, hearing for the arraignment of Defendant, Diandre T. Mentor. And two of his co-defendants. Docs. 270; 271; 272. In the notice as to Defendant Mentor, the Court stated as follows:

   a. Take notice that an Arraignment is scheduled for January 30, 2025, at 11:00 A.M. This hearing will be held before the Honorable Daniel C. Irick in Courtroom No. 5C, Fifth Floor, U.S. Courthouse, 401 W. Central Boulevard, Orlando, Florida. If the Defendant wishes to waive his/her appearance at

>arraignment and enter a written plea of not guilty, he/she and his/her attorney must sign the attached form and file it with the Clerk of Court no later than 12:00 PM (noon) on January 28, 2025. If the written waiver is timely filed, the Defendant and his/her attorney need not appear at the arraignment. If the written waiver is not timely filed, the Defendant and his/her attorney must appear at the arraignment at the scheduled date and time.

2. On January 30, 2025, the Court held the hearing. Doc. 275. The undersigned counsel unintentionally and inadvertently failed to properly file the waiver nor notify the Defendant that Defendant's presence was required. The undersigned counsel unintentionally and inadvertently, failed to appear for Defendant's Arraignment and the Court thereupon issued a bench warrant for the defendant's arrest. Mr. Mentor's failure to appear was due to the internal office errors and lack of oversight of the undersigned counsel.

3. The undersigned counsel is a sole proprietor that practices criminal and civil litigation in state court and federal court throughout the Central Florida area. The office consists of one lawyer, three support staff, (a paralegal, a legal secretary, and a receptionist at the office). There has never been an occasion until now where a client was issued a federal bench warrant due to the fault of the undersigned counsel.

4. During this transition period of hiring a new staff member in the office the notice that was sent out on January 23, 2025, was not observed by the undersigned counsel nor was the same calendared inadvertently. Also, the

undersigned counsel was still actively conducting hearings daily during the transition period. In sum, there is no excuse, but the undersigned counsel is proffering the explanation as to why the Defendant, Diandre Mentor did not appear in court.

5. As a professional the undersigned counsel must accept responsibility and take full accountability for this very serious matter. The undersigned counsel's intent is never to cause any client any undue hardship or inconvenience. Throughout the entire duration of this cause, Mr. Mentor has been supervised by Pretrial Services (U.S. Probation), has had no violations, and has remained compliant with the conditions of his bond and will continue to comply. Additionally, despite what the circumstances would appear to be the defendant has maintained excellent communication with undersigned counsel. Mr. Mentor if allowed to be released pending trial again, Mr. Mentor shall appear at all subsequent court appearances. Additionally, Mr. Mentor will be added on the email, e-service of the undersigned counsel to avoid any lapses in communication on the behalf of the undersigned counsel's office.

6. It is the undersigned counsel's belief that the government would not be prejudiced by the granting of this motion. Jury Selection is set for date certain trial beginning on February 24, 2025. The trial is set to last from February 24, 2025, through February 28, 2025. The undersigned counsel is humbly seeking

mercy of the court in this situation. The undersigned counsel believes that it would be in the best interest of justice to allow the Defendant to be release back into the pre-trial release program. Upon being notified of the Honorable Judge Daniel C. Irick's issuance of a bench warrant Mr. Mentor promptly turned himself in at the US Marshal's Office. The Defendant, Mr. Mentor is not a flight risk. Defendant has strong family ties within the relevant community. See **U.S. v. Rodriguez**, 2011 WL 1467221, *2 (S.D. Fla. April 18, 2011). The relevant community in which the defendant faces prosecution in this case is the Middle District of Florida, and the Defendant has ties to this community as well. Defendant is employed and was in fact in the process of being eligible for a promotion. As to his character, Defendant does not have a substance abuse or alcohol problem. To the best of the undersigned counsel's knowledge and belief, Defendant did not have any prior criminal history. The undersigned counsel would humbly ask this Honorable Court to consider that the Defendant is clothed with the presumption of innocence until the government can overcome this burden.

7. The undersigned counsel has conferred with the government regarding this motion and the government opposes this motion. On January 31, 2025, the undersigned counsel conferred with Defendant's Pretrial Services Supervisor, Officer Martinez and she advised that Defendant has been compliant with

pretrial release conditions, that he checked in every week and that she believes that the Defendant was unaware of his court date.

## Memorandum of Law in Support of Motion

8. Under Fed. R. Crim. P. 46, before trial the provisions of 18 U.S.C. §§ 3142 and 3144 govern pretrial release. Pursuant to 18 U.S.C. § 3142(g), there are several factors the Court shall consider in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and secure the safety of the community. Those factors to be considered are:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of *section 1591*, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including-
    (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
    (b) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection I (1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required. United States v.

Alverez-Lopez, No. 2:14-CR-45-FTM-38CM, 2014 WL 2563646,(M.D. Fla. June 6, 2014)

9. When the United States seeks to detain a criminal defendant pending trial based on his status as a flight risk, it must be proven by a preponderance of the evidence that no condition or set of conditions will reasonably assure his presence at trial. U.S. v. Ramos, 2014 WL 1515264, *1 (S.D.Fla. April 7, 2014) (citing U.S. v. Medina, 775 F.2d 1398, 1402 (11th Cir.1985)). By contrast, where the Government seeks to detain a defendant based on a contention that he is a danger to the community, it must show by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. Id. United States v. Alverez-Lopez, No. 2:14-CR-45-FTM-38CM, 2014 WL 2563646, at *2 (M.D. Fla. June 6, 2014) The undersigned counsel will assure that Defendant appears at any and all future court proceedings because he will be properly noticed moving forward of his court hearings. The undersigned counsel would reserve the remaining points of law and argument to be presented Ore Tenus.

## Certificate of Service

I certify that a copy of this document was electronically served via the Florida Courts E-Filing Portal to the United States Attorney's Office on January 31, 2025.

Copies served to
Sarah Megan Testerman

Assistant United States Attorney

                                        Respectfully submitted,

                                        DE Novo Law, P.A.

                                        By: */s/ Harold D. Thompson*
                                             HAROLD D. THOMPSON
                                           Florida Bar No. 0097355
                                           121 S. Orange Avenue Suite 1500
                                           Orlando, FL 32801
                                           Tel. (407) 449-2344
                                           Fax (407) 449-7245
                                           E-Mail: hdthompson.denovolaw@gmail.com
                                           Attorney for Diandre Mentor